UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| AUDREY WILLIAMS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:12-CV-16-JD-PRC |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION d/b/a AMTRAK, *et al.*, | ) | |
| Defendants. | ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiff's Motion for Sanctions [DE 122], filed on July 3, 2014. Defendant National Railroad Passenger Corporation d/b/a Amtrak and Defendants Mosher and Willougby filed response briefs on July 23, 2014. Plaintiff did not file a reply brief, and the time to do so has passed. District Court Judge John DeGuilio entered an Order [DE 158] on October 6, 2014, referring this matter to the undersigned Magistrate Judge for a report and recommendation on this motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

**I. Background**

This case arises from a train accident in which Plaintiff, who was a passenger on that train, was allegedly injured. On April 4, 2014, Defendant Amtrak filed a Motion for Leave to Take Supplemental Deposition of Plaintiff Audrey Williams. Plaintiff filed a response on April 14, 2014, and Defendant Amtrak filed a reply on April 17, 2014. On April 23, 2014, the undersigned held a telephonic hearing on that motion. At that hearing, the undersigned extended the discovery deadline and granted Defendants leave to take a supplemental deposition of Plaintiff as well as leave to

depose Plaintiff's expert witness, Dr. Farid Amirouche, and Plaintiff's son Christopher Williams. The Court imposed the following restrictions:

1. The expert and damage discovery deadline is extended from April 17, 2014, to July 15, 2014, for the exclusive purpose of conducting the depositions of Dr. Farid Amirouche and Christopher Williams (if he can be located). Any further discovery may be conducted only if the parties agree or pursuant to court order.

2. Defendant Amtrak may conduct a supplemental deposition of Audrey Williams. The location must be near her home in St. Louis, Missouri, or—if her health conditions limit her so that she is confined to her home most days and for most purposes—the deposition must take place in her home.

3. The deposition may not take longer than two hours.

4. Amtrak must pay Plaintiff's counsel's reasonable expenses (e.g., travel, lodging, meals, etc.) as well as attorney fees at the Plaintiff's counsel's standard hourly rate, limited to the actual time of the deposition.

5. The deposition may be video recorded. If Defendants elect not to video record the deposition, Plaintiff may do so, but must pay the cost of making the video recording.

The undersigned also ordered Plaintiff to give Defendant Amtrak authorizations for the disclosure of medical records of treatment that occurred after Plaintiff's first deposition.

Defendants elected not to take a supplemental deposition of Plaintiff. Moreover, given that Plaintiff did not anticipate calling her son to testify at trial, they elected to not take his deposition either.

**II. Analysis**

Plaintiff contends that the motion for leave to take a supplemental deposition of Plaintiff served no legitimate purpose and was a vexatious effort to delay trial, increase the costs of litigation,

and prevent her from getting her day in court.[1] Plaintiff asks the Court to sanction Defendants by ordering them to reimburse Plaintiff for the expense of litigating that motion as well as for cost of bringing this Motion for Sanctions.

As Defendants point out, Plaintiff's motion does not provide any legal authority for why sanctions are warranted here. Nor did Plaintiff avail herself of the opportunity to file a reply brief to clarify this point. Nothing in Federal Rule of Civil Procedure 37, which governs sanctions, appears to be on point. The undersigned thus construes the motion as asking for sanctions under the Court's inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *see also Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir.1993) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. 32 at 44 (citing *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980)).

Plaintiff has not shown that sanctions are warranted here. The Court's Order granted Defendants leave to take Plaintiff's deposition; it did not order them to do so. Defendants represent that they decided that deposing a person who was—by her own lawyer's description—bed-ridden, non-communicative, and possibly not competent was not in their best interests. In addition, Defendants contend that, after the hearing, they received answers to interrogatories revealing that Plaintiff had little recollection of the matters Defendants wished to inquire about in the supplemental deposition. They also represent that the decision was economic since the Court's grant of leave provided that Defendant Amtrak would have to pay Plaintiff's counsel's reasonable expenses as well as Plaintiff's attorney fees if it took the supplemental deposition. These reasons are legitimate and

---

[1] The urgency of Plaintiff's attorney is understandable. After this motion became fully briefed, on August 14, 2014, a suggestion of death was filed in this case, stating that Plaintiff had died as a result of her numerous ailments.

persuasive. Likewise, the decision not to pursue deposing Plaintiff's son Christopher Williams is also reasonable since Plaintiff does not anticipate calling him as a witness at trial.

Aside from the numerous extensions of the discovery deadline (some of which were requested by Plaintiff), Plaintiff has not provided any evidence of bad faith. And while these delays may indeed be frustrating, Defendants' conduct, including their decision not to take a supplemental deposition of Plaintiff, does not add up to an abuse of the judicial process warranting sanctions.

### III. Conclusion

For these reasons, the undersigned **RECOMMENDS** that Judge DeGuilio deny Plaintiff's Motion for Sanctions [DE 122]. This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–61 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 9th day of October, 2014.

      s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record